UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARIEL ZBOROWSKI,<br><br>            Plaintiff,<br><br>v.<br><br>GOOGLE, LLC,<br><br>            Defendant. | Index No.: 23-cv-10963<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Ariel Zborowski (hereinafter referred to as "Plaintiff" or "Zborowski"), by and through her attorneys, McLaughlin & Stern, LLP, as and for her Complaint against Google, LLC (hereinafter referred to as the "Defendant", "Company" or "Google"), alleges as follows:

### NATURE OF THE ACTION

1.    This action arises out of Defendant's unlawful retaliation against Plaintiff arising from her opposition to discriminatory conduct in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, as amended by the Civil Rights Act of 1991; the New York State Human Rights Law § 290, *et seq.* ("NYSHRL"); New York Labor Law § 740; and the Administrative Code of the City of New York, New York City Human Rights Laws § 8-101, *et seq.* ("NYCHRL").

2.    Zborowski began working at Google in July of 2018. Over the next several years Zborowski received neutral to very positive feedback from her peers and managers. Indeed, the four performance reviews which Zborowski received prior to 2022 – the year where she raised concerns regarding discriminatory conduct – all noted that Zborowski strongly exceeded expectations. As a result, Zborowski was consistently rewarded with significant salary raises.

3. Eventually, in September of 2021, Zborowski was promoted after receiving three consecutive "strongly exceeds expectations" ratings – a rating reserved for the top 5th percentile of the company. Throughout this time Zborowski received 28 peer and spot bonuses for recognition of her work. Put simply, Zborowski was a rising star, and her career showed a clear upward trajectory.

4. However, During Zborowski's tenure with the Company, she directly reported to Kevin Hansen ("Hansen") who repeatedly engaged in discriminatory conduct and made inappropriate comments regarding fellow employees' sexual orientation, race, national origin and/or gender in front of Zborowski and others.

5. Zborowski reported Hansen's inappropriate conduct to Google – through what were supposed to be confidential communications and interviews. However, Google breached this confidentiality and improperly informed Hansen of her complaints. Hansen then immediately began retaliating against Zborowski. After years of excelling at Google and receiving substantive pay raises, as soon as Hansen learned of Zborowski's (verified and valid) complaints, Zborowski began receiving substandard pay raises. Eventually, Zborowski was constructively terminated when Google approached her with the offer to accept an insulting performance improvement plan ("PIP") or resign and take a severance. Moreover, Zborowski requested on numerous subsequent occasions to remain employed with Google, just under a different manager or within a different group.[1] Google refused to even respond to Zborowski's reasonable request for a transfer. As a result, Zborowski, who was a dutiful employee continued to work under Hansen. However, his continued retaliation caused her to suffer from severe stress which manifested into, amongst numerous other physical symptoms, pneumonia for which she required a 14-day treatment. In sum,

---

[1] Importantly, other groups, include the YouTube arm of Google expressed serious interest and had availability for Zborowski to join. However, Hansen improperly interfered with and prevented her transfer.

Google and Hansen's actions in pushing Zborowski out could not more clearly establish a claim for unlawful retaliation and constructive termination.

## PARTIES

6. Plaintiff is an individual and resident of the State of New York, with her current principal residence located in New York, New York.

7. Upon information and belief, Defendant Google, LLC is a Delaware limited liability company, registered to do business in the State of New York.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because the action involves a federal statute, Title VII of the Civil Rights Act of 1964 § 701, 42 U.S.C.A. § 2000e, *et seq.*, as amended by the Civil Rights Act of 1991. Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, as amended by the Civil Rights Act of 1991.

9. On December 14, 2023, Zborowski filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and requested an immediate right to sue letter in connection with the same.

10. Moreover, the Court has supplemental jurisdiction over the claims arising under the NYSHRL and NYCHRL pursuant to 28 U.S.C. § 1367, because such claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Southern District of New York.

**FACTS UPON WHICH THE ACTION IS BASED**

*Zborowski is Hired and Excels at Google.*

12. Zborowski began working at Google in July of 2018 as an L5 Marketing Manager. Over the next several years Zborowski received neutral to very positive feedback from her peers and managers. Throughout her employment, including immediately before and after her constructive termination, Zborowski received no less than 45-separate positive messages of support and appreciation for her skill and effort. Indeed, the four performance reviews which Zborowski received prior to 2022 – the year where she raised concerns regarding Hansen's discriminatory conduct – all noted that Zborowski strongly exceeded expectations. As a result, Zborowski was consistently rewarded with salary raises averaging 6% – eventually putting her annual compensation at $380,000 when considering salary, bonuses, equity grants and other benefits.

13. Eventually, in September of 2021, Zborowski was promoted to an L6 Marketing Manager after receiving three consecutive "strongly exceeds expectations" ratings – a rating reserved for the top 5th percentile of the company. Throughout this time Zborowski received 28 peer and spot bonuses for recognition of her work. These awards were given to Zborowski from many different Google employees including Hansen.[2] Put simply, Zborowski was a rising star, and her career showed a clear upward trajectory. Given her significant compensation and her recognized good work, Zborowski envisioned spending the rest of her career at Google.

*Zborowski Raises Complaints Regarding the Discriminatory Conduct of Hansen, Her Manager.*

14. On May 25, 2021, Zborowski made her first complaint regarding the conduct of her manager – Kevin Hansen. On this date, Zborowski verbally complained to Janell Fischer – the

---

[2] Hansen's positive comments were made prior to Zborowski's formal written complaint.

{N0671723.1}   4

Vice President of Retail Marketing and Hansen's superior – that Hansen had made an inappropriate comment and mocked a female co-worker's use of maternity leave. Specifically, Hansen stated that this female colleague's maternity leave was a "vacation" and remarked that he deserved a vacation just like everybody else. Zborowski was concerned that Hansen's comments showed a bias against women and employees who utilized family leave.

15. At that time, Zborowski reasonably requested that she no longer report directly to Hansen, but that request was repeatedly rejected because the team was "too small" to reorganize.

16. On October 21, 2022, Zborowski made a formal written complaint regarding Hansen's conduct. Specifically, in response to a request to provide feedback on Hansen's performance, Zborowski noted that Hansen had engaged in inappropriate and discriminatory conduct which was not in line with Google's clear anti-discrimination policies and values, and which eroded the trust and psychological safety of his subordinates. That reported conduct included an incident on May 26, 2021, wherein Hansen expressed his disbelief about a senior colleague's sexuality. More specifically, Hansen referred to this co-worker as a closeted lesbian in front of her other colleagues at a team celebration. Throughout the party, Hansen referred to this co-worker's male date as "her beard" to other colleagues at the party.

17. On October 27, 2022, Google Human Resources ("HR") confirmed that an investigation of Hansen's conduct would occur and, importantly, that Zborowski's complaint would remain strictly confidential. However, prior to the investigation's completion, Hansen engaged in even more inappropriate and discriminatory conduct which Zborowski relayed to HR to include in their ongoing investigation. Specifically, at a December 8, 2022 Google event, Hansen began making jokes in front of Google employees regarding a Vietnamese co-worker – including claiming that this co-worker must be related to the performing artist, Thuy, because of

their shared Vietnamese ethnicity. In addition to Zborowski, these comments were also made in front of and overheard by Michael Camacho, a Google employee of Asian descent.

*Hansen and Google Retaliate Against Zborowski Due to Her Complaints of Discriminatory Conduct, Leading to Her Constructive Termination.*

18. With the investigation still ongoing, on January 12, 2023, the retaliatory conduct began. Hansen confronted and intimidated Zborowski, telling her that he knew that she was the complainant in an intimidating manner. Hansen also told Zborowski that Caroline Sheu – Google's Director of First Party Retail and Hansen's manager – had informed him of the ongoing investigation and had given him detailed information about Zborowski's role in triggering the investigation. Zborowski informed HR and Google leadership via email regarding Hansen's confrontational and retaliatory behavior.

19. The retaliatory conduct continued. In March of 2023, Zborowski received her annual raise which was only a 1.5% increase in her compensation. This figure was substantially and materially lower than in prior years and was substantially and materially lower than other members of her team. No reason was given for this differential treatment.

20. Hansen engaged in a multitude of other retaliatory actions such as removing Zborowski from trips and meetings, criticizing and mocking her in front of her direct report, denying her a path to promotion and generally creating a hostile work environment.

21. Moreover, in May of 2023, Zborowski began trying to move to a YouTube team. Zborowski received approval from her executive to take on a part time project at YouTube. However, Hansen approached the YouTube team to "warn" them about Zborowski. The YouTube director shared Hansen's unusual and unsolicited feedback with her. This was striking because Zborowski had taken on other part time projects at Google before and Hansen – prior to Zborowski's complaints – did not provide this type of unsolicited advice.

22. Adding injury to insult, on June 6, 2023, as a result of medical issues exacerbated by stress and the incredible amount of work which Zborowski was performing, Zborowski fainted at work. She broke her nose in three places, cracked 4 teeth, required 14 stitches in her forehead and nose, experienced a concussion and experienced significant blood loss. Because the accident occurred in the middle of the workday and Zborowski was so worried about giving Hansen any reason to penalize her, Zborowski continued working in the emergency room and during subsequent hospital visits. The very next day – despite these significant injuries – Zborowski returned to work due to her fears of retaliation from Hansen.

23. Zborowski's return to work exacerbated her concussion symptoms and she was compelled to return to the emergency room. Her doctors then ordered her to stop working to recover. Zborowski felt that she likely needed more time off but, due to her continuing worry about Hansen taking retaliatory action, she returned to work as soon as possible. Over the coming months, Zborowski continued to work while receiving medical treatments at the hospital.

24. On August 22, 2023, Hansen and Zborowski had a very tense one-on-one meeting. Rather than commending Zborowski for working so hard in the face of her injuries, Hansen criticized Zborowski for a "lack of attention to detail." Zborowski then requested that she continue working with YouTube through October because of lost time from her accident and her desire to complete her project and leave a positive impression on the YouTube team. Despite explaining this verbally and via email to Hansen, he never responded. Instead, Hansen retaliated further and reached out again to YouTube to discourage them from continuing to work with Zborowski beyond September.

25. In September of 2023, Hansen and Google engaged in their most egregious act of retaliation. Hansen approached Zborowski and informed her that she was underperforming and

that he would be placing her on a PIP, unless she wanted to resign, despite Zborowski's strong peer praise and past performance ratings. Google subsequently contacted Zborowski to discuss the potential of a severance package. The message was clear – Zborowski could no longer work at Google and under Hansen following her reports of Hansen's discriminatory conduct.

26. Despite this clear retaliation and ongoing hostile work environment, Zborowski still wanted to be a team player and continue to help her group, even if it meant putting herself at further risk by continuing to work with Hansen. This concern materialized in November 2023 when Zborowski went on a work outing to Mountain View where, amongst other employees, Hansen was present continued his demeaning treatment. As a result of Hansen's ongoing conduct, Zborowski contracted stress induced and exacerbated chemical pneumonia for which she needed treatment that lasted 14-days. According to her gastroenterologist and pulmonologist, this pneumonia was a result of additional stress from being present around Hansen at the Mountain View outing. Moreover, at this time Google was on notice of Zborowski's instant constructive-termination claims and request for a reasonable accommodation in the form of a transfer to another team. Despite this, Google ignored all reasonable requests and allowed Zborowski to be subject to further abuse which manifested into physical harm.

27. Following these actions, Zborowski again reported Hansen's retaliatory conduct to Google, requesting a transfer out from under Hansen's management. These requests were functionally ignored and no transfer was ever offered.

28. In sum, as set forth above, the facts and circumstances make clear that Zborowski was constructively terminated as a result of her reporting the discriminatory conduct of her superior.

## FIRST CAUSE OF ACTION
### Retaliation in Violation of Title VII of the Civil Rights Act of 1964

29. Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 27, as if fully set forth herein.

30. Plaintiff engaged in protected activities under Title VII, including reporting and opposing discrimination.

31. Defendant violated Title VII when it treated Plaintiff less well because she reported and opposed discrimination.

32. Defendant's actions in violation of Title VII amounted to Plaintiff's constructive termination.

33. Plaintiff is entitled to damages as a result of Defendant's unlawful acts, including, but not limited to, past and future lost wages and benefits, damages to compensate her for past and future physical and emotional distress, punitive damages, reasonable attorneys' fees and costs of this action, and pre-judgment interest.

## SECOND CAUSE OF ACTION
### Retaliation in Violation of the NYSHRL and New York Labor Law § 740

34. Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 32, as if fully set forth herein.

35. Plaintiff engaged in protected activities under NYSHRL and New York Labor Law by, among other things, reporting and opposing discrimination.

36. Defendant violated the NYSHRL and New York Labor Law when it treated Plaintiff less well because she reported and opposed discrimination.

37. Defendant's actions in violation of the NYSHRL and New York Labor Law amounted to Plaintiff's constructive termination.

38. As a consequence of Defendant's unlawful acts, Plaintiff has been deprived of compensation and is entitled to recovery of such amounts plus liquidated damages for all willful violations, pre-judgment and post-judgment interest, attorneys' fees, costs, and other compensation.

## THIRD CAUSE OF ACTION
### Retaliation in Violation of the NYCHRL

39. Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 37, as if fully set forth herein.

40. Plaintiff engaged in protected activities under the NYCHRL, including reporting and opposing discrimination pursuant to Section 8-107(7).

41. Defendant violated the NYCHRL when it treated Plaintiff less well because she reported and opposed discrimination.

42. Defendant's actions in violation of the NYCHRL amounted to Plaintiff's constructive termination.

43. Plaintiff is entitled to damages as a result of Defendant's unlawful acts, including, but not limited to, past and future lost wages and benefits, damages to compensate her for past and future physical and emotional distress, punitive damages, reasonable attorneys' fees and costs of this action, and pre-judgment interest.

## JURY DEMAND

Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant awarding past and future lost wages and benefits, damages to compensate her for past and future physical and emotional distress, punitive damages, reasonable attorneys' fees and costs of this action, liquidated

damages for all willful violations of the law, and pre-judgment and post-judgment interest; and all such other and different relief that this court may deem just;

    (a)    On the First Cause of Action, judgment against Defendant in an amount of at least One Million Dollars ($1,000,000.00), in an exact amount to be determined at trial;

    (b)    On the Second Cause of Action, judgment against Defendant in the amount of at least One Million Dollars ($1,000,000.00), in an exact amount to be determined at trial.

    (c)    On the Third Cause of Action, judgment against Defendant in the amount of at least One Million Dollars ($1,000,000.00), in compensatory damages; and in an amount of at least Two Million Dollars ($2,000,000.00) in punitive damages, in an exact amount to be determined at trial.

Dated:  New York, New York
         December 19, 2023

    McLAUGHLIN & STERN, LLP

    By: _____
    Brett R. Gallaway
    Charles F. Kellett
    260 Madison Avenue
    New York, New York 10016
    (212) 448-1100
    bgallaway@mclaughlinstern.com
    ckellett@mclaughlinstern.com

    *Attorneys for Plaintiff*