**From:** Brett Gallaway
**Sent:** Friday, December 22, 2023 7:38 AM
**To:** Tsatalis, Marina
**Cc:** Gulyako, Neil; Charlie Kellett; Paul Beyersdorf
**Subject:** Re: Ariel Zborowski v. Google

Marina,

Are you sending back the waiver with the 2/19 date?

Brett R. Gallaway, Esq
Partner
McLaughlin & Stern, LLP
260 Madison Ave., 18th Floor
New York,NY,10016
Tel: (212) 448-1100
Direct:(646) 738-6353
Fax: (212) 448-0066
Email: bgallaway@mclaughlinstern.com
Web: www.mclaughlinstern.com

On Dec 21, 2023, at 11:21 AM, Brett Gallaway <BGallaway@mclaughlinstern.com> wrote:

If you want to put in 2/19/24 for the response date, sign and return, that is fine. We will file once received. Thank you.

On Dec 21, 2023, at 11:19 AM, Tsatalis, Marina <MTsatalis@wsgr.com> wrote:

You don't often get email from mtsatalis@wsgr.com. Learn why this is important

Brett,
We have a different understanding and a different view and expect that we will each have a chance to express our respective positions in the litigation.
With regard to service of process, please review Rule 4, which dictates the response period to your request for a waiver. Further, if my client agrees to waive service, its responsive pleading would be due 60 days from the date the waiver request was sent, which is February 19, 2024.
Marina Tsatalis

**From:** Brett Gallaway <BGallaway@mclaughlinstern.com>
**Sent:** Thursday, December 21, 2023 6:31 AM
**To:** Tsatalis, Marina <MTsatalis@wsgr.com>
**Cc:** Gulyako, Neil <ngulyako@wsgr.com>; Charlie Kellett <CKellett@mclaughlinstern.com>; Paul Beyersdorf <PBeyersdorf@mclaughlinstern.com>
**Subject:** Re: Ariel Zborowski v. Google

EXT - bgallaway@mclaughlinstern.com

Marina,
Nobody has threatened anything. Your client's general counsel went radio silent on December 6th, despite numerous subsequent communications from our end, in connection with what should have been otherwise good-faith settlement dialogue and which promoted our client to file the instant action. I trust you will fully review all our prior correspondence which also shows Google's complete lack of willingness to provide our client with a reasonable accommodation and transfer to a different dept, which would have alleviated the need for a filing, and/or their ridiculously dilatory efforts in conducting what should be a routine investigation and moreover, one in which they already determined liability against the charged party, Mr. Hansen.
Regardless, here we are. Given that you now represent Google, Attached is a copy of the complaint and waiver of service form. Given we agree to accept everything electronically, I presume you do not need us to mail you a copies and a return envelope. You can simply print, sign and return via email which is a "by reliable means" as dictated by FRCP 4. Additionally, I presume you know the consequences of not accepting service on behalf of your client, but just to clarify, if you continue to make things intentionally difficult and refuse, we will seek all appropriate relief from the Court, including fees and costs.
Our engagement should not start this contentious on a simple issue. I implore you to accept service of the complaint, as you are required to do, so we can move this case forward to more substantive discovery and get to the real issues at hand.
Please let me know your position by COB today. Thank you.

Brett R. Gallaway, Esq
Partner
McLaughlin & Stern, LLP
260 Madison Ave., 18th Floor
New York,NY,10016
Tel: (212) 448-1100
Direct:(646) 738-6353
Fax: (212) 448-0066
Email: bgallaway@mclaughlinstern.com
Web: www.mclaughlinstern.com

<image002.png>

**From:** Tsatalis, Marina <MTsatalis@wsgr.com>
**Date:** Wednesday, December 20, 2023 at 10:00 PM
**To:** Brett Gallaway <BGallaway@mclaughlinstern.com>
**Cc:** Gulyako, Neil <ngulyako@wsgr.com>, Charlie Kellett <CKellett@mclaughlinstern.com>, Paul Beyersdorf

<PBeyersdorf@mclaughlinstern.com>
**Subject:** Ariel Zborowski v. Google

You don't often get email from mtsatalis@wsgr.com. Learn why this is important

Mr. Gallaway,
This firm represents Google in the above-referenced litigation. Please direct all communications to me and cease all communications with my client.
I understand that you emailed Google asking whether it will agree to waive formal service of process and threatened to "write to the court" if Google did not agree to your request. Of course, there is nothing for you to write to the court about. If you would like Google to consider waiving service, you must comply with Fed. R. Civ. Proc. 4(d). If we don't receive a proper request pursuant to Rule 4(d), we will expect that you will effectuate service on Google as required by the Federal Rules of Civil Procedure.
Regards,
Marina Tsatalis

<image003.png>

**Marina C. Tsatalis | Member, Employment & Trade Secret Litigation**
Wilson Sonsini Goodrich & Rosati
1301 Avenue of the Americas, 39th Floor | New York, NY 10019
direct: +1.212.497.7782 | mtsatalis@wsgr.com

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.