**McLAUGHLIN & STERN, LLP**
**FOUNDED 1898**

**BRETT R. GALLAWAY**
Partner
bgallaway@mclaughlinstern.com
Direct: (646) 738-6353

260 MADISON AVENUE
NEW YORK, NEW YORK 10016
(212) 448–1100
FAX (212) 448–0066
www.mclaughlinstern.com

CLARK, NEW JERSEY
GARDEN CITY, NEW YORK
MILLBROOK, NEW YORK
NAPLES, FLORIDA
WEST PALM BEACH, FLORIDA
WESTPORT, CONNECTICUT


January 5, 2024

1/23/2024
The request for reimbursement is denied. So ordered.
Paul A Crotty
USDJ

**Via ECF**

The Honorable Paul A. Crotty
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

RE: *Zborowski v. Google, LLC*, Case No. 1:23-cv-10963-PAC
**Service of Summons and Complaint.**

Dear Judge Crotty:

We write in response to the letter from counsel for Defendant filed with the court earlier today providing "context" for the Waiver of the Service of Summons which Defendant's filed therewith. Dkt. No. 8.

Counsel for Defendant leaves out critical context which shows that Defendant's dilatory conduct necessitated Plaintiff's resorting to personal service of the Summons and Complaint on December 27, 2023. More specifically, after Defendant's in-house counsel ceased responding to good faith pre-litigation settlement communications, on December 19, 2023, Plaintiff filed her Complaint in this matter. Dkt. No. 1. Upon filing, I sent – via electronic mail – notice of the filing, along with a copy of the Complaint, to Defendant's in-house counsel and requested that Google confirm by the close of business the next day whether it would accept service and complete an appropriate waiver. See Exhibit A.

Following another electronic mail to in-house counsel reminding them of Google's obligations under Fed. R. Civ. P. 4(d)(1), Defendant's present counsel contacted me to advise that Google had retained them in the present matter and stated, "If we don't receive a proper request pursuant to Rule 4(d), we will expect that you will effectuate service on Google as required by the Federal Rules of Civil Procedure." See: Exhibit B. In response, on December 21, 2023, I provided counsel with a Waiver of Service of Summons and a copy of the complaint and requested that counsel provide me with Defendant's position as to whether it will waive service by the close of business that day. See: Id. After further back and forth on December 21, 2023, regarding the appropriate response date if Defendant agreed to waive service, I did not hear from opposing counsel until December 27, 2023. At that point though, having not heard whether Defendant would agree to waive service, and given Defendant's contentiousness and dilatory actions in responding

to our requests, I had tasked a process server to effectuate service upon Defendant. Service was effectuated shortly after Defendant returned the Waiver of Service of Summons on December 27, 2023. Dkt No. 6.

Fed. R. Civ. P. 4(d) specifically notes that a corporation – such as Defendant Google, LLC – "has a duty to avoid unnecessary expenses of serving the summons." Counsel for Plaintiff provided numerous opportunities for Defendant Google to comply with this duty and confirm that it would provide an appropriate Waiver of Service of Summons. However, Defendant Google failed to do so. As set forth under Fed. R. Civ. P. 4(d)(2), if a defendant "fails, without good cause, to sign and return a waiver requested by a plaintiff… the court must impose on the defendant" the expenses later incurred in making services and the reasonable expenses, including attorney's fees, of an application requires to collect those service expenses.

Accordingly, Plaintiff respectfully requests that this Court order Defendant to pay for her fees and expenses incurred in effectuating service and for the expenses incurred in connection with the collection of those service expenses.

We thank Your Honor for your time and consideration of the foregoing.

Respectfully submitted,

Brett R. Gallaway, Esq.
McLaughlin & Stern, LLP
260 Madison Avenue
New York, New York 10016

*Attorneys for Plaintiff*